**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GAURANG KUMAR PATEL,** | : | |
| *Petitioner,* | : | |
| | : | |
| **v.** | : | **CIVIL NO. 26-3925** |
| | : | |
| **J. L. JAMISON et al.,** | : | |
| *Respondents.* | : | |
| | : | |

**Scott, J.**                                                                                    **June 15, 2026**

## MEMORANDUM

Petitioner Gaurang Kumar Patel filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, seeking immediate release.  ECF No. 1 ¶¶ 5, 36–42 [hereinafter Pet.].  Patel alleges that his detention by the United States Immigration and Customs Enforcement ("ICE") violates the Immigration and Nationality Act ("INA"), the Administrative Procedure Act, and his Fifth Amendment Due Process rights.  *Id.* ¶¶ 43–63.

Patel is a noncitizen from India who entered the country at the U.S.–Mexico border in May 2023.  Pet. ¶¶ 44, 57.  Shortly after entering the country, officers from the Department of Homeland Security initiated removal proceedings against him and then released him, where he went Edison, New Jersey and then Reading, Pennsylvania to live near family.  *Id.* ¶ 18–19.  At some point afterward, Patel applied for asylum.  *Id.* ¶ 20.  On June 2, 2026—more than three years after Patel initially entered the country—DHS officers took him into custody during a routine check-in and did not provide him prior notice.  *Id.* ¶ 21.

On the Government's view, Patel is detained pursuant to 8 U.S.C. § 1225(b)(1) and that neither the discretionary parole which Patel was granted under 8 U.S.C. § 1182(d)(5) nor the

subsequent termination of that parole changes Mr. Patel's legal status as an inadmissible alien. Government's Response, ECF No. 4, at 3, 13–15. Courts in the Eastern District of Pennsylvania have rejected this argument advanced by the Government several times. *See, e.g.*, *Sadykov v. Rose et al.*, 26-cv-00086, at 1 n.2 (E.D. Pa. Jan 16, 2026) (collecting cases); *Talabadze v. Rose et al.*, 26-cv-0360, at 1 n.1 (E.D. Pa. Jan. 30, 2026); *Jesus Yahir Savala Ulloa v. Jamison et al.*, 26-cv-0813 (E.D. Pa. Feb. 20, 2026); and *Green v. Jamison et al.*, 26-cv-773 (Feb. 26, 2026). For the same reasons set forth in those Opinions, this Court holds that Patel's detention violates the INA.[1]

This Court therefore grants Patel's request for immediate release, given that his detention under 8 U.S.C. § 1225(b)(1) violates the INA and a bond hearing is unnecessary because nothing in the record suggests that Patel is a harm to the community or a flight risk. Moreover, ICE is enjoined from detaining Patel under 8 U.S.C. § 1226(a) for seven days following his release.

---

[1] The Court views the instant case as distinguishable from *Marlon Brando Ribeiro v. Jamison et al.*, 26-cv-2326 (E.D. Pa. May 20, 2026). Unlike in *Ribeiro*, the Petitioner here was paroled under 8 U.S.C. § 1182(d)(5)(A). *See* Gov't Resp. at 13 ("DHS Made the discretionary decision to parole Petitioner from its custody under § 1182(d)(5)(A)"). As the *Ribeiro* Court observed, "[w]hen a person is released on his own recognizance [like Petitioner Patel, here], he is not subject to the return-to-custody provision of Section 1182(d)(5)(A), [which] means immigration authorities can only detain a person who was released on his own recognizance by following the process set forth in Section 1226(a) . . . ." *Ribeiro*, 26-cv-2326, at 14. Accordingly, the Court is not persuaded by the Government's reliance on *Ribeiro*.